UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| THERESA A. ESTRADA, D'ANNA HARE, CLIFFORD E. PEKOC, LIZETH M. PEOBLE, ADAM D. PEOBLE, ANNA G. PEOBLE, EMMA L. PEOBLE, SAMUEL A. PEOBLE, JOHN A. VIGIL, JOHN P. WALSH, KATHLEEN A. WALSH, JIMMY WEATHERS, JERRY ORTIZ, MARILYN MARTINEZ ORTIZ, JERRY ORTIZ LIVING TRUST, LUCILLE SISNEROS, JOSE A. SISNEROS, CLEOFAS ORTIZ JR., PATRICIA A. FLORES, STEVE FLORES, BARBARA EWING, | No. |
| *Plaintiffs,* | |
| v. | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY; DEANNE CRISWELL, in her official capacity as Administrator of the Federal Emergency Management Agency, | |
| *Defendants.* | |

**COMPLAINT**

## INTRODUCTION

1.     Plaintiffs are individuals who suffered injuries in the Hermit's Peak/Calf Canyon Fire ("Fire"), started by the federal government. The historic fire, and subsequent flooding, had devastating impacts on residents of New Mexico.

2.     Congress enacted the Hermit's Peak/Calf Canyon Fire Assistance Act ("HPFAA" or the "Act") (Pub. L. 117-180, 136 State. 2168 (2022)) to compensate victims of the Hermit's Peak Fire. Congress designated the Federal Emergency Management Agency ("FEMA") as the administrator of claims under the HPFAA and directed FEMA to expedite payments to victims of the Fire. Among its statutory requirements, the Act mandated that FEMA notify claimants of their compensation offer within 180 days of their claim being submitted.

3.     On March 31, 2025, this Court issued a Memorandum, Opinion and Order (the "Order") in various related actions, including *Gallegos v. FEMA*, No. CIV 24-0170 (D.N.M. Mar. 31, 2025), concluding that under the HPFAA, FEMA must provide judicially reviewable claim determinations within 180 days after a claimant's initial filing because

the HPFAA mandates that FEMA "shall fix and determine the amount, if any, to be paid for the claim" within 180 days.

4.    Despite its statutory obligations to determine and fix the amount to be paid not later than 180 days after the date a claim is submitted, and the Order from this Court, FEMA has delayed compensating Plaintiffs and other claimants—directly violating the text and purpose of the HPFAA. Specifically, FEMA has failed to comply with the requirement to process claims within 180 days in two distinct ways.

5.    First, despite the HPFAA's plain language, FEMA unilaterally decided that the 180-day deadline would not start when a claim was submitted but, rather, once FEMA "acknowledged" the claim. In some instances, this was as much as nearly five months after the claim was actually submitted. FEMA's improper interpretation and regulations have also resulted in ethical violations of FEMA providing preferential treatment to certain claimants since FEMA is not processing the claims as they are received. Instead, FEMA decided when, what order, and which claims it would process for payment. FEMA's inaction resulted and will continue to result in delaying

Plaintiffs and other fire victims desperately needing payments to repair or rebuild their damaged homes and property, while they incur significant expenses on temporary and alternative housing.

6.    Second, FEMA is not even complying with its own arbitrarily applied deadline. Specifically, FEMA fails to even respond and determine and fix the amount to be paid for the claim within 180 days from when it acknowledges the claim.

7.    Plaintiffs are forced to file this action get the much-needed relief due to them under the HFPAA and enforce FEMA's compliance with its requirements under the HFPAA. Plaintiffs have incurred and continue to incur significant loss and damage as a result of FEMA's failures and inactions.

8.    Accordingly, Plaintiffs seek monetary damages, sanctions, attorney fees and costs, declaratory, injunctive, and other appropriate relief against FEMA for its failure to comply with the 180-day payment deadline mandated under section 104(d)(1)(A)(i) of the HPFAA from the date the claim is submitted and issue an order that FEMA is required to process claims within 180 days of when they are submitted as mandated under the HPFAA.

4

## JURISDICTION & VENUE

9.     This Court has jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States, and 28 U.S.C. §§ 1346 and 2671 because a United States agency is a defendant.

10.     This Court has jurisdiction under 28 U.S.C. § 1361 because this action seeks to compel an officer or employee of the United States or any agency thereof to perform a duty owed to Plaintiffs.

11.     This Court has jurisdiction under 5 U.S.C. §§ 701–706, and 28 U.S.C. § 2201–2202, because this action is brought by persons adversely affected by agency action and seeks to right a legal wrong due to agency action as set forth in 5 U.S.C. §§ 701 and 702. Defendant's issuance of the Final Rule (RIN 1660-AB14; 44 CFR 296) (the "Rule") on August 29, 2023, constitutes a final agency action subject to judicial review under 5 U.S.C. §§ 704 and 706. Further, the Rule shows an actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a). Accordingly, this Court has jurisdiction to grant declaratory relief, injunctive relief, mandamus relief, and/or other relief pursuant to 5 U.S.C. §§ 701–706, and 28 U.S.C. §§ 2201–2202.

12.    Venue is proper in this Court under 5 U.S.C. § 703 and 28 U.S.C. § 1391(e)(1)(B)–(C) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, a substantial part of property that is the subject of the action is situated in this judicial district, and/or Plaintiffs reside in this judicial district.

## PARTIES

13.    Plaintiffs are individuals who suffered property damage in the Fire and submitted claims to FEMA. It has now been more than 180 days from both [1] the date Plaintiff submitted the claim and [2] the date FEMA acknowledged the claim.

14.    Below is a chart depicting the dates Plaintiffs submitted their claims, the date FEMA acknowledged the claim, and 180 days from the date Plaintiff submitted claim, which has since passed. In each instance, it has also been more 180 days from the date FEMA acknowledged the Plaintiffs' respective claims.

| Name | Date NOL Submitted | Date NOL Acknowledged | 180 Days From NOL Submission |
|---|---|---|---|
| Theresa A. Estrada, D'Anna Hare | 1/10/2024 | 4/22/2024 | 7/8/2024 |
| Clifford E. Pekoc | 7/19/2024 | 8/7/2024 | 1/15/2025 |
| Lizeth M. Peoble, Adam D. Peoble, Anna G. Peoble, Emma L. Peoble, Samuel A. Peoble | 8/13/2024 | 8/28/2024 | 2/9/2025 |
| John A. Vigil | 8/13/2024 | 9/6/2024 | 2/9/2025 |
| John P. Walsh, Kathleen A. Walsh | 5/29/2024 | 10/15/2024 | 11/25/2024 |
| Jimmy Weathers | 12/11/2023 | 1/9/2024 | 6/8/2024 |
| Jerry Ortiz, Marilyn Martinez Ortiz, Jerry Ortiz Living Trust | 10/3/2024 | 10/11/2024 | 4/1/2025 |
| Lucille Sisneros, Jose A. Sisneros | 8/19/2024 | 8/28/2024 | 2/24/2025 |
| Cleofas Ortiz Jr. | 10/2/2024 | 10/11/2024 | 3/31/2025 |
| Patricia A. Flores, Steve Flores, Barbara Ewing | 7/25/2024 | 8/7/2024 | 1/21/2025 |

15.    Defendant FEMA is an executive agency of the United
States government, and bears responsibility in whole or part for the
acts or omissions complained herein, including promulgating the Rule.
Under the HPFAA, FEMA is directed to receive, process, and pay claims
in accordance with the HPFAA.[1]

## BACKGROUND

### 1.    The federal government enacted the HPFAA to promptly compensate victims of the Hermit's Peak/Calf Canyon Fire.

16.    On April 6, 2022, the U.S. Forest Service initiated a
prescribed burn on federal land in the Santa Fe National Forest in San
Miguel County, New Mexico. The prescribed burn got out of control,
resulting in a wildfire that spread to adjacent, non-federal land, and
merged with another fire. [2] The fire, known as the Hermit's Peak/Calf
Canyon Fire, is the largest fire in New Mexico history. It forced
thousands of residents to evacuate and ultimately destroyed 903

---

[1]    *See* Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(a)(2), 136 Stat. 2168, 2170 (2022).

[2]    *Id.*, § 102(a)(1)–(4), 136 Stat. at 2168.

structures, including several hundred homes, and burned 341,471 acres of land, trees, and vegetation.

17.    The President declared the Hermit's Peak Calf Canyon Fire "a major disaster," and Congress acknowledges its impact, recognizing forced evacuations, and damage or destruction of state, local, tribal, and private property in Colfax, Mora, and San Miguel counties in New Mexico.[3] The President reaffirmed that the people of New Mexico will have the full support of the federal government, and that every effort will be made to provide immediate help to people in the impacted communities and support the State throughout its recovery.

18.    Congress determined that "the United States should compensate the victims of the Hermit's Peak Fire."[4]

19.    On September 30, 2022, Congress enacted—and the President signed—the HPFAA.[5]

---

[3]    *Id.*, § 102(a)(5)–(6), (9), 136 Stat. at 2168–69.

[4]    *Id.*, § 102(a)(10), 136 Stat. at 2169.

[5]    Hermit's Peak/Calf Canyon Fire Assistance, 88 Fed. Reg. at 59,731.

20.    The HPFAA's stated purposes are "to compensate victims of the Hermit's Peak/Calf Canyon Fire, for injuries resulting from the fire" and "to provide for the expeditious consideration and settlement of claims for those injuries."[6] To that end, the HPFAA states that claimants are entitled to "payment under this Act" for "actual compensatory damages."[7]

21.    Congress initially allocated $3.95 billion to compensate victims of the Hermit's Peak/Calf Canyon Fire under the HPFAA.[8]

22.    Under the HPFAA, claimants are entitled to "payment under this Act" for "actual compensatory damages" to be determined "[n]ot later than 180 days after the date on which a claim is submitted under this Act." HPFAA, Pub. L. No. 117-180, §§ 102(b), 104(c)(3).

---

[6]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 102(b)(1), 136 Stat. 2168, 2169 (2022).

[7]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2170 (2022).

[8]    FEMA, FAQ: Hermit's Peak/Calf Canyon Fire Assistance Act Final Rule (Aug. 28, 2023), https://www.fema.gov/fact-sheet/faq-hermits-peakcalf-canyon-fire-assistance-act-final-rule#:~:text=The%20Hermit%27s%20Peak%2FCalf%20Canyon,major%20concerns%20from%20the%20community.

**2.    As the administrator of claims under the HPFAA, FEMA is required to follow ethical standards of fairness and integrity.**

23.    The HPFAA designated FEMA as the administrator of claims under the Act. To that end, the HPFAA directed FEMA to establish a "Claims Office" to "receive, process, and pay claims in accordance with this Act."[9]

24.    The Administrator is authorized to appoint an independent claims manager to head the Office and assume the duties of the Administrator under the HPFAA.[10]

25.    In determining and settling a claim under the HFPAA, the Administrator shall determine only: [1] whether the claimant is an injured person; [2] whether the injury that is the subject of the claim resulted from the Fire; [3] whether the person or persons are otherwise eligible to receive payment; and [4] whether sufficient funds are

---

[9]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2170 (2022);

[10]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2170 (2022).

available for payment and if so, the amount, if any to be allowed and paid under the HFPAA.[11]

26.    In discharging its duties under the HPFAA, FEMA is required to act in accordance with its own policies, procedures, mission statement, and ethical standards, as well as policies, procedures, and ethical standards for federal agencies and employees generally.

27.    FEMA's stated mission is to help people before, during, and after disasters. Whatever the disaster, FEMA is supposed to lead the federal government's response, and provide disaster assistance to individuals, families, and businesses whose property has been damaged or destroyed.[12] The FEMA Administrator is the principal advisor to the President, the Homeland Security Council, and the Secretary of Homeland Security for all matters relating to emergency management in the United States.

28.    FEMA's Core Values of Compassion, Fairness, Integrity, and Respect guide the actions and behavior of its employees. Public service

---

[11]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2171 (2022).
[12]    https://www.dhs.gov/employee-resources/federal-emergency-management-agency-fema

is a public trust. Maintaining strong standards of behavior and ethical conduct also maintains public trust and confidence in FEMA and its workforce.[13] All FEMA and other federal employees are required to maintain especially high standards of honesty, impartiality, character, and conduct to ensure the proper performance of Government business and the continual trust and confidence of the nation's citizenry.[14] Each employee has a responsibility to the United States Government and its citizens to place loyalty to the Constitution, laws, and ethical principles above private gain. Employees shall put forth honest effort in the performance of their duties. Employees shall act impartially and not give preferential treatment to any private organization or individual. Employees shall disclose waste, fraud, abuse, and corruption to appropriate authorities.[15]

---

[13]    FEMA Directive 123-0-2-1

[14]    *Id.*

[15]    5 CFR § 2635.101

**3.    FEMA has violated the HPFAA provision that entitles claimants to compensation within 180 days of filing a Notice of Loss.**

29.    The HPFAA expressly states that "[n]ot later than 180 days after the date on which *a claim is submitted* under this Act, the Administrator shall determine and fix the amount, if any, to be paid for the claim."[16] Accordingly, FEMA must pay claims within 180 days of the claim being submitted.

30.    On or about August 29, 2023, FEMA issued its Final Rule and regulations for the administration of the claims process.[17] In its final rule, FEMA indicated it would not process claims 180 days after it receives a claim. Instead, FEMA unilaterally decided it would only process claims within 180 days after FEMA "acknowledges" the claim, an interpretation of the HPFAA that would allow FEMA to delay payments indefinitely and arbitrarily.[18]

---

[16]    Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, § 104(c)(3), 136 Stat. 2168, 2171 (2022), italics added.

[17]    44 CFR 296, also 88 FR 59730

[18]    FEMA, FAQ: Hermit's Peak/Calf Canyon Fire Assistance Act 44 CFR 296, 88 FR at 59761.

31.    Rather than proceed with the required unbiased manner of processing claims as they are received, FEMA's policy allows it to unilaterally determine which claims to process and which claims languish. FEMA's interpretation has allowed FEMA to impose significant delays, allowing months, even years, to pass in some cases before it acknowledges a claim. Accordingly, FEMA has failed to pay claims within 180 days from submission as required.

32.    As to each Plaintiffs, over 180 days have lapsed since their claims were submitted. Indeed, as to each Plaintiff, over 180 days have elapsed since FEMA's acknowledged their claims. As of the date of filing this action FEMA has not issued a final determination on any of Plaintiffs' claims.

## COUNT I
## (Violation of APA; 5 U.S.C. § 706)

33.    All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

34.    The Administrative Procedures Act ("APA") requires courts to "hold unlawful and set aside" agency action that is "not in accordance with law", "in excess of statutory jurisdiction, authority, or limitations,

or short of statutory right", or "arbitrary, "capricious," or an "abuse of discretion."[19]

35.    FEMA is an "agency" under the APA.[20]

36.    The Rule constitutes "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court."[21]

37.    The Rule is not in accordance with the law because the HPFAA entitles claimants to the following action by FEMA: "[n]ot later than 180 days after the date on which a claim is submitted under this Act, the Administrator shall determine and fix the amount, if any, to be paid for the claim."

38.    FEMA's contrary interpretation and application of the law is unsupported by any authority. Indeed, it is contrary to the plain text and stated aim of the HPFAA.

39.    The Rule is also in excess of FEMA's statutory jurisdiction, authority, and limitations: The HPFAA requires FEMA to respond to

---

[19]    5 U.S.C. § 706(2)(A).

[20]    5 U.S.C. § 551(1).

[21]    5 U.S.C. §§ 551(4), (13), 704.

Plaintiffs' claim within 180 days from when the claim is submitted, not from when FEMA decides to acknowledge the claim. By choosing to categorically withhold compensation past 180 days, the Rule exceeds FEMA's statutory authority and infringes on Congress' power to enact legislation and allocate funds for designated purposes.

40.    The Rule is arbitrary, capricious, and an abuse of discretion. FEMA offers no reasoned explanation for ignoring the plain text and stated aim of the HPFAA. FEMA offers no substantial justification for refusing to award claimants compensation within the timeframe mandated under the HPFAA and is beyond its own erroneous interpretation of the HPFAA.

41.    The Rule harms Plaintiffs and other similarly situated Fire victims by depriving them of timely compensation to which they are entitled under the HPFAA.

42.    By promulgating the Rule, FEMA has acted contrary to law, in excess of its statutory jurisdiction, authority, and limitations under the HPFAA, arbitrarily and capriciously, and has thus violated the APA. The Rule is therefore invalid and should be set aside in relevant part.

43.    Plaintiffs have been damaged by FEMA's actions and inactions.

## COUNT II
### (Declaratory Relief for Violation of APA; 5 U.S.C. § 706)

44.    All foregoing paragraphs of this Complaint are realleged and incorporated herein by reference.

45.    The APA requires courts to "hold unlawful and set aside" agency action that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."[22]

46.    FEMA is an "agency" under the APA.

47.    The Rule constitutes "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court."[23]

48.    The Rule is not in accordance with the law, is in excess of statutory jurisdiction, authority, and is arbitrary and capricious because the HPFAA entitles claimants to be paid no later than 180 days after the date on which a claim is submitted under the HPFAA.

---

[22]    5 U.S.C. § 706(2)(A).

[23]    5 U.S.C. §§ 551(4), (13), 704.

18

49.    FEMA's position that the mandatory 180-day deadline would not start until claims were "acknowledged" is in excess of FEMA's statutory jurisdiction, authority, and limitations. The HPFAA requires FEMA to determine and fix the amount, if any, to be paid for the claim within 180 days after the date on which a claim is submitted under this Act.

50.    FEMA has also taken the position in the commentary to its Rule that it "does not believe a Notice of Loss can be submitted until it has been reviewed for sufficiency and receipt has been acknowledged by FEMA."

51.    The Rule harms Plaintiffs and other similarly situated Fire victims by depriving them of timely compensation to which they are entitled under the HPFAA.

52.    By choosing to categorically delay processing and paying claims FEMA exceeds its statutory authority and infringes on Congress' power to enact legislation and allocate funds for designated purposes.

53.    Plaintiffs request this Court to declare, under 28 U.S.C. § 2201, that the HPFAA's 180-day deadline begins from the date a

claimant submits their claim, consistent with the Act, and not when FEMA "acknowledges" the claim.

54.     Plaintiffs seek this Court to declare, under 28 U.S.C. § 2201, that FEMA must determine and settle the amount payable for a claim within 180 days following the claim's submission under the HPFAA.

55.     Plaintiffs request this Court to declare, under 28 U.S.C. § 2201, that FEMA must immediately pay Plaintiffs' claims that exceed the 180-day deadline from the date of submission.

56.     Plaintiffs request this Court to declare, under 28 U.S.C. § 2201, that in the event FEMA does not provide a determination providing a fixed amount on a claim within 180 days, that FEMA is deemed to have defaulted on the claim, and the FEMA must immediately pay the claim in full.

57.     Plaintiffs seek this Court to declare, under 28 U.S.C. § 2201, that FEMA must appoint an experienced and competent claims administrator to ensure timely processing and payment of claims under the HFPAA.

## PRAYER FOR RELIEF

Wherefore Plaintiffs respectfully request that this Court:

1.     Issue an order vacating and setting aside the portion of the Rule under 44 C.F.R. 296.10, paragraph (f) that states "[a] Notice of Loss that is completed and properly signed is deemed to be filed on the date it is received and acknowledged by the Claims Office";

2.     Issue a declaratory judgment that the mandatory 180-day deadline under section 104(d)(1)(A)(i) of the HPFAA begins from the date a claimant submits its claim as set forth in the HPFAA, not when FEMA "acknowledges" the claim;

3.     Issue a declaratory judgment that FEMA must comply with the 180-day deadline mandated under section 104(d)(1)(A)(i) of the HPFAA;

4.     Issue a declaratory judgment that for any claim for which FEMA does not issue a final determination within 180 days of when the claim was submitted, FEMA is deemed to have defaulted on the claim determination, and the full value of the claim is therefore deemed admitted and due to the claimant in full;

5.     Issue a declaratory judgment that FEMA must immediately pay Plaintiffs' claims that exceed the 180-day deadline from the date of submission;

6.     Issue a declaratory judgment that FEMA must appoint an experienced and competent claims administrator to ensure timely processing and payment of claims under the HFPAA;

7.     For all other declaratory relief as set forth herein;

8.     Award Plaintiffs costs and reasonable attorney's fees; and

9.     Grant such other relief as the Court deems just and proper.

Dated: July 2, 2025                    Respectfully submitted:

SINGLETON SCHREIBER, LLP

*/s/ Jonna D. Lothyan*
Brian Colón
Jesse Gallegos
SINGLETON SCHREIBER LLP
6501 Americas Pkwy. NE, Ste. 670
Albuquerque, NM 87110
(505) 587-3473
*bcolon@singletonschreiber.com*
*jgallegos@singletonschreiber.com*

Gerald B. Singleton
Benjamin I. Siminou
Jonna D. Lothyan
SINGLETON SCHREIBER LLP
591 Camino de la Reina, Ste 1025
San Diego, CA 92108
(619) 704-3288
*gsingleton@singletonschreiber.com*
*bsiminou@singletonschreiber.com*
*jlothyan@singletonschreiber.com*